IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JASON J. MAZZEI, *et al.*, ) | |
| ) | |
| Appellants, ) | |
| v. ) | Civil Action No. 14-1720 |
| ) | Bankruptcy No. 13-203 |
| RONDA J WINNECOUR, *Chapter 13 Trustee*, ) | |
| Appellee. ) | |
| JASON J. MAZZEI, *et al.*, ) | |
| ) | |
| Appellants, ) | |
| v. ) | Civil Action No. 15-9 |
| ) | Bankruptcy No. 13-203 |
| RONDA J WINNECOUR, *Chapter 13 Trustee*, ) | |
| Appellee. ) | |

**<u>MEMORANDUM ORDER</u>**

Presently before the Court are two related bankruptcy appeals filed by Jason J. Mazzei ("Mazzei") at Civil Action Nos. 14-1720 and 15-9. These are the fourth and fifth bankruptcy appeals emanating from ongoing miscellaneous bankruptcy proceedings that Mazzei is involved in before the Honorable Gregory J. Taddonio in the United States Bankruptcy Court for the Western District of Pennsylvania. This Court previously dismissed the first of Mazzei's appeals for failure to prosecute, *see Jason J. Mazzei, Esq. v. No Respondent*, Civ. A. No. 14-911, Docket No. 6 (W.D. Pa. Aug. 6, 2014), and later dismissed the second and third of his appeals for lack of jurisdiction, *see Mazzei v. No Respondent*, 2015 WL 179047 (W.D. Pa. Jan. 13, 2015). The latter appeals were dismissed because they challenged orders of the Bankruptcy Court which were interlocutory in nature and Mazzei had not set forth any basis for the Court to exercise its

1

discretion to hear the appeals at that time. *See id.* For the following reasons, the present appeals will also be dismissed for lack of jurisdiction.[1]

It is well settled that this Court retains jurisdiction to review appeals from final orders of the Bankruptcy Court. 28 U.S.C. § 158(a)(1). However, "[o]rders that do not fully adjudicate a specific [ … ] proceeding or that require further factual development are governed by the ordinary finality precepts of routine civil litigation," *In re Truong*, 513 F.3d 91, 94 (3d Cir. 2008), such that they are not immediately appealable, except with leave of court consistent with 28 U.S.C. §§ 158(a)(3), and 1292(b) and Federal Rule of Bankruptcy Procedure 8004. *See In re Marasek*, 537 F. App'x 20, n.1 (3d Cir. 2013) (citing *City of Pittsburgh v. Simmons*, 729 F.2d 953, 954 (3d Cir. 1984)) (additional citation omitted); *see also* FED. R. CIV. P. 54(b) ("any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.").

Having reviewed the instant appeals, this Court finds that they pertain to ongoing proceedings in the Bankruptcy Court at Miscellaneous Proceeding No. 13-203-GLT and are otherwise interlocutory in nature. To this end, Mazzei's fourth appeal filed at Civil Action No. 14-1720 seeks reversal of an Order dated November 10, 2014 denying, without prejudice, two motions filed by Mazzei and Paul W. McElrath, Jr., Esq. ("McElrath") requesting, among other things, to substitute McElrath and his firm as counsel of record for Mazzei's former clients and to authorize the Trustee to disburse certain funds to McElrath and his firm. *See All Cases in*

---

[1] The Court notes that Trustee Ronda J. Winnecour has filed motions to strike the Clerk's designation of her as "Appellee" in the two appeals. As these appeals are dismissed for lack of jurisdiction, the Trustee's motions will to strike are denied, as moot.

*which Jason J. Mazzei is Attorney of Record*, No. 13-203-GLT, Doc. 89 at 12, 552 B.R. 113 (Bankr. W.D. Pa. Nov. 10, 2014). Despite the denials of these motions, the Bankruptcy Court's Opinion notes that it would consider renewed motions in the future if such motions were more fully supported with additional documentary submissions and also addressed the Court's expressed concerns. *Id.* It appears that this is exactly what has occurred. Indeed, the Bankruptcy Court's docket at Misc. No. 13-203-GLT reports that these proceedings remain active and ongoing such that: an amended motion was filed; an order was entered at least partially approving same; and a status conference is scheduled in May of 2015 for the Bankruptcy Court to address the remaining matters at issue. Hence, this fourth appeal is interlocutory and not ripe for appellate review. *See In re Truong*, 513 F.3d at 94. It also seems that all or part of this appeal may now be moot given the Bankruptcy Court's subsequent Order granting some or all of the relief that was requested in the disputed November 10, 2014 Order. *See e.g., In re Fairchild Corp.*, 2014 WL 7215211, at *2 (D. Del. Dec. 17, 2014) (quoting *In re Cont'l Airlines*, 91 F.3d 553, 558 (3d Cir. 1996)) ("[A]n appeal is moot in the constitutional sense only if events have taken place during the pendency of the appeal that make it 'impossible for the court to grant any effectual relief whatever.'"). In either event, this matter is not properly before this Court.

Further, Mazzei's fifth appeal filed at Civil Action No. 15-9 challenges the Bankruptcy Court's November 17, 2014 Order denying a "Motion to Enforce Compliance with the Recusal Order dated June 9, 2014." As noted above, this Court previously dismissed Mazzei's second and third appeals because orders denying motions to recuse are interlocutory. *See Mazzei v. No Respondent*, 2015 WL 179047, at *1 (W.D. Pa. Jan. 13, 2015) (orders denying motions to recuse are interlocutory in nature); *see also In re Marasek*, 537 F. App'x. 20, n.1 (3d Cir. 2013) (noting

that the Court of Appeals lacked jurisdiction over a bankruptcy court's order denying a recusal motion because it "was not final or immediately appealable to the District Court"). No further discussion of this point of law is necessary given the Court's prior decision, *see Mazzei*, 2015 WL 179047, at *1, and this fifth appeal must be dismissed for the same reasons.

As in his prior cases, Mazzei has not sought leave of court to file interlocutory appeals of these matters and he has not addressed the necessary factors which must be established before the Court, in an exercise of discretion, may permit appeals from such interlocutory orders. *See* FED. R. BANKR. P. 8004 ("A motion for leave to appeal under 28 U.S.C. § 158(a)(3) must include the following: (A) the facts necessary to understand the question presented; (B) the question itself; (C) the relief sought; (D) the reasons why leave to appeal should be granted; and (E) a copy of the interlocutory order or decree and any related opinion or memorandum."); *see also In re Sandenhill, Inc.*, 304 B.R. 692, 694 (E.D. Pa. 2004) (citing requirements for interlocutory appeal under 28 U.S.C. § 158(a)(3)). Like before, this Court also sees no basis to *sua sponte* grant Mazzei leave to proceed to appeal the interlocutory orders as he is a former attorney who was only recently suspended from the practice of law for three years in this Court, the United States Bankruptcy Court for the Western District of Pennsylvania, and the Bar of the Supreme Court of Pennsylvania. *See Mazzei*, 2015 WL 179047, at *2. Thus, he is not a typical *pro se* party appearing before the Court without legal training and experience to whom the Court would grant deference and latitude for errors made in following the applicable Rules of Bankruptcy and Civil Procedure. *Id.*

Finally, the dockets in these appeals demonstrate that Mazzei has taken little action to prosecute these appeals and the filings that he has made were clearly submitted in error. In this

regard, Mazzei has not made any filings in Civil Action No. 15-9 and the filings that he has made in Civil Action No. 14-1720 (including an appellate brief and a request for default) both pertain to the November 17, 2014 Order regarding the recusal issues – which is the subject of the appeal at Civil Action No. 15-9 and should have been filed at that case number.[2] Moreover, as this Court noted in the prior decision, Mazzei's request for default against the November 17, 2014 Order was "improvidently filed." *Mazzei*, 2015 WL 179047, at *2.

For all of these reasons,

IT IS HEREBY ORDERED that Mazzei's appeals filed at Civil Action Nos. 14-1720 and 15-9 are DISMISSED, for lack of jurisdiction;

IT IS FURTHER ORDERED that the Motions to Strike filed by Trustee Winnecour (Civ. A. No. 14-1720, Docket No. [6]; Civ. A. No. 15-9, Docket No. [2]) are DENIED, as moot;

IT IS FURTHER ORDERED that the Request for Default filed by Mazzei at Civ. A. No. 14-1720 (Docket No. [5]) is DENIED, as moot; and,

IT IS FURTHER ORDERED that the Clerk of Court shall mark both cases CLOSED.

*s/Nora Barry Fischer*
Nora Barry Fischer,
United States District Judge

Date:    April 15, 2015

cc/ecf:    All counsel of record.
    Jason J. Mazzei, *pro se*
    Hon. Gregory J. Taddonio, U.S. Bankruptcy Judge

---

[2] The Court also notes that large portions of the appellate brief appear to be identical to the submission which Mazzei made in Civil Action No. 14-1649 and was dismissed by this Court for lack of jurisdiction.